## U. E. Harmison v. Thomas Fleming et al.

1. EVIDENCE—*Writing Exhibited to Oppose Party During Controversy.*—A voluntary statement of a stranger to the suit contained in a writing is not admissible in evidence, simply because it was brought to the attention of the opposite party in a conversation with him before the trial. It is mere hearsay.

2. INSTRUCTIONS—*Submitting a Question of Law to the Jury.*—An instruction which states, in effect, that defendant is liable if without good cause, and validly under the law, he repudiated his contract and refused to deliver the goods, is improper as submitting a question of law to the jury.

Assumpsit, on a contract of purchase and sale of grain. Appeal from the Circuit Court of Shelby County; the Hon. SAMUEL L. DWIGHT, Judge presiding. Heard in this court at the May term, 1902. Reversed and remanded. Opinion filed November 1, 1902.

E. A. RICHARDSON and R. M. PEADRO, attorneys for appellant.

WALTER C. HEADEN, attorney for appellees.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellees brought this suit against appellant before a justice of the peace for damages for failure to deliver 1,800 bushels of yellow corn according to the alleged terms of a contract of purchase and sale between the parties. The case, having been appealed to the Circuit Court, was there tried by a jury, resulting in a verdict and judgment against appellant for $126, to reverse which this appeal is brought to this court, where the reasons for such reversal chiefly argued are, that the court admitted improper and rejected material evidence tendered by appellant, and gave wrong instructions to the jury.

Appellees purchased of appellant 1,800 bushels of corn at forty-six cents a bushel, to be delivered at Bethany after his oats were harvested. Fleming, one of appellees, testified the contract of purchase was made between seven and eight o'clock of the morning of July 20, 1901, and that he

informed appellant that the price of corn was then forty-
five cents, but he would pay one cent more. Appellant
testified that appellees insured him that the price of forty-
six cents was three cents more than the price at Findlay, a
neighboring station. Soon after the contract was made
appellant notified appellees he was dissatisfied with the
sale for the reason that he had been informed they had
misrepresented the price of corn to him, and later appel-
lant refused to deliver the corn, but sold and delivered it
to another person. Appellant finished harvesting his oats
August 12th or 13th and at that time the price of corn at
Bethany was fifty-three cents.

In one of the conversations between Fleming and appel-
lant about the contract, after it was made, Fleming, to
convince appellant that he had correctly stated the price
of corn to him when he purchased it, exhibited to the latter
a writing signed by T. L. Bone, another grain dealer at
Bethany, in which it was certified that on July 20th, his
firm was paying forty-five cents for yellow corn, and
forty-seven cents for white corn. The court, over the objec-
tion of appellant, admitted this paper in evidence. The
appellant offered to prove the price of corn at Findlay,
and that it was fifty cents then, July 20th, but the court
sustained an objection to such evidence and refused to admit
it. The court also refused to allow appellant upon the
cross-examination of appellees' witnesses, to show the price
of corn at any other time than the precise time of the con-
tract, between seven and eight o'clock of July 20th, either
in the forenoon or afternoon of that day. These various
rulings of the court upon the evidence are argued as preju-
dicial error by the appellant.

Because the court strictly held appellant and confined
his evidence to the exact time appellee Fleming testified
the contract was made relative to the price of corn, the
same ruling applied to appellees would have excluded the
papers signed by Bone. In its statement concerning the
price of corn it was not confined to the time of the con-
tract, but included every hour of the day. The same

strictness or liberality of ruling should be extended to both parties alike. (Moreover it was merely the voluntary statement of a stranger to the suit and in the form it was presented to the jury was but mere hearsay. The fact that it was brought to the attention of appellant in a conversation with him gave to it no probative force; and if parties could thus secure the statement of outsiders and by the sanction of calling the attention of his adversary to them, render them admissible in evidence against their opponents, we could imagine that the sanction of an oath would soon be obsolete. The paper was inadmissible as evidence, and in the ruling of the court in that respect there was prejudicial error.

Again appellant had testified Fleming insured that forty-six cents was three cents more than the price at Findlay. Whether this was true or not, and whether appellant relied upon the guaranty, was a question of fact for the jury to decide, and such evidence laid the foundation for the introduction of the evidence that was offered by appellant that the price of corn was fifty cents at Findlay on the day of the contract. If appellees undertook by their contract to insure the price agreed to be paid for the corn was three cents more than the then price at Findlay, or if they falsely so represented the price of corn, either would be a good defense to the action, and it was prejudicial error for the court, as it did, to reject the evidence offered.

Complaint is also made as to the instructions in the case. Upon the evidence as it was before the jury, it may be there were no prejudicial errors sustained in them, for the effect of the court's rulings was to exclude any defenses to the action. But inasmuch as we will remand the cause for a new trial, it may be well for us to indicate a few general inaccuracies in order that counsel and court may not infer that we have, by not referring to them, approved them. The first instruction improperly submits a question of law to the jury, wherein it states, in effect, that appellant is liable, if without good cause, and validly under the law, he repudiated his contract and refused to deliver the corn.

What is good and valid cause is a question of law to be defined by the court. The second instruction, like the first, contains the same infirmity. The third instruction informs the jury that both parties are equally bound by the contract, and neither can escape performance. This instruction ignores the defense of appellant; and neither is the principle of the instruction correct abstract law; and the fourth instruction is susceptible to the same objection so far as it relates to the price of corn. The eighth instruction would be wrong had appellant been allowed to make his defense; and for the same reason the court would be required to give to the jury the instructions requested by appellant upon this point, and which were refused.

For the errors indicated in the rulings of the trial court upon the evidence of the cause, the judgment will be reversed and the cause remanded for a new trial.